WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred J. Schoeffler,<br><br>Plaintiff,<br><br>v.<br><br>United States Department of Agriculture,<br><br>Defendant. | No. CV-17-00055-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion for Summary Judgment of Defendant United States Department of Agriculture (USDA). (Doc. 22). For the following reasons, the Court grants the motion in part and denies the motion in part.

**BACKGROUND**

On June 30, 2013, nineteen firefighters from the Granite Mountain Hotshots perished while working to fight the Yarnell Hill Fire near Yarnell, Arizona. Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Plaintiff Fred J. Schoeffler sent several requests for information to the USDA. The United States Forest Service (USFS) is an agency within the USDA. USFS manages an Aerial Firefighting Use and Effectiveness (AFUE) study which collects data to determine "optimal combinations of firefighting aircraft for multiple types of firefighting suppression operations." (Doc. 22, p. 3). During the Yarnell Hill Fire, AFUE teams were in the area and collecting data. (Doc. 23, p. 2). Other than the AFUE teams, the other firefighting and governmental agencies working on the fire were from the State of Arizona. Similarly, it was the State of

Arizona that led the investigation into the deaths of the Granite Mountain Hotshots. *Id*. at pp. 1–2.

Mr. Schoeffler's FOIA requests largely fall into two categories. First, Mr. Schoeffler seeks voice recordings or written transcripts of air-to-ground (A2G) radio transmissions that AFUE may have collected. The USFS determined that all data collected by the AFUE study had been turned over to the State of Arizona, and subsequently made public in an electronic dropbox folder. USFS informed Mr. Schoeffler of this and provided the dropbox link. Second, Mr. Schoeffler seeks documents related to himself that may have been sent or received by employees of the USFS, particularly Coconino National Forest. USFS searched employees' emails and records and gave Mr. Schoeffler a DVD with 585 pages of results. Mr. Schoeffler appeals these decisions, alleging that USDA and its subsidiary agencies did not complete an adequate search and did not turn over all relevant information. The USDA moved for summary judgment.

**DISCUSSION**

**I.     Legal Standard**

The Court grants summary judgment when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden to show that there are no genuine disputes of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Upon proper request, federal agencies must disclose records to a member of the public. 5 U.S.C. § 552. An agency has a duty to construe a FOIA request liberally. *Truitt v. Dep't of State*, 897 F.2d 540, 544–45 (D.C. Cir. 1990). The agency has an obligation to conduct a search "reasonably calculated to uncover all relevant documents." *Zemansky v. U.S. E.P.A.*, 767 F.2d 569, 571 (9th Cir. 1985) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984); *Campbell v. United States Dep't of*

*Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998). The question "is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*." *Zemansky*, 767 F.2d at 571 (quoting *Weisberg*, 745 F.2d at 1485) (emphasis in original). An agency's "failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that an agency conducted an adequate search for the requested records." *Lawyers' Committee for Civil Rights of San Francisco Bay Area v. U.S. Dep't of the Treasury*, 534 F.Supp.2d 1126, 1130 (N.D. Cal. 2008).

FOIA determinations should be resolved at summary judgment stage. *Nat'l Wildlife Fed'n v. U.S. Forest Service*, 861 F.2d 1114 (9th Cir. 1988). Courts review an agency's decision *de novo*. 5 U.S.C. § 552(a)(4)(B); *see also Louis v. United States Dep't of Labor*, 419 F.3d 970, 977 (9th Cir. 2005) (noting that *de novo* review "require[es] no deference to the agency's determination or rationale regarding disclosures"). However, courts "accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility . . . and reproducibility." 5 U.S.C. § 552(a)(4)(B). If the FOIA dispute presents a genuine issue of material fact, courts proceed to bench trial or adversarial hearing. *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016). The Court may award summary judgment on the basis of information provided by the agency in affidavits or declarations. These affidavits or declarations must be "relatively detailed and non-conclusory, and . . . submitted in good faith." *SafeCard Services, Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. C.I.A.*, 692 F.2d 770, 771 (D.C. Cir. 1981). The agency's affidavits are "accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discovery of other documents." *SafeCard*, 926 F.2d at 1200 (quoting *Ground Saucer Watch*, 692 F.2d at 771).

*/ / /*

*/ / /*

*/ / /*

## II. Analysis

### A. The Government's Affidavits are Sufficient

As a preliminary matter, Plaintiff asserts that the government's affidavits of Mr. Harald Fuller-Bennet and Ms. Marie Derobertis and insufficient and inadmissible because they are "based on inadmissible hearsay statements[,] . . . on documents that are not part of the record[,] . . . [and] offer various conclusory statements about where documents were most likely to be found, or which persons were most likely to have time, or what types of searches would be unreasonably broad." (Doc. 28, p. 9). However, a Court may rely on government affidavits "so long as the affiants are knowledgeable about the information sought and the affidavits are detailed enough to allow the court to make an independent assessment of the government's claim." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1135 (9th Cir. 2008) (quoting *Lion Raisins, Inc. v. U.S. Dep't of Agriculture*, 354 F.3d 1072, 1079 (9th Cir. 2004). Here, the government affidavits were submitted by the chief information officers of the Washington Office and the Southwest Region Office of the USFS. These are individuals who are knowledgeable and who have access to the information in agency files. The affidavits detail the process followed by the USFS to search for the information Mr. Schoeffler requested. *Cf. Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 371 (D.C. Cir. 1980) (noting that an affidavit which states only that "I have conducted a review of FBI files which would contain information Mr. Weisberg has requested. . . . The FBI files to the best of my knowledge do not include any information requested by Mr. Weisberg other than the information made available to him" is insufficient because it "gives no detail as to the scope of the examination"). The affidavits are proper and may be considered by the Court.

### B. Requests 4232-F and 4325-F

On June 7, 2016, Mr. Schoeffler submitted a FOIA request to the Washington Office of the USDA. He requested the following:

> (1) All voice recordings and written transcripts thereof related to the 30 June 2013 Yarnell Hill Fire (YHF)

> Panebaker and/or Moore and/or USFS Aerial Firefighting Study, also known as the Aerial Firefighting Study, AIR-TO-GROUND (A2G and/or A/G) RADIO TRANSMISSIONS.
>
> (2) Between, to, and/or from any and all air resources and any and all Incident Management Team and any and all operational and ground personnel.
>
> (3) The timeframe for this request is 30 June 2013 between 1500 and 1700 hours.

(Doc. 23, Ex. 1, Attachment A).

USFS assigned this request the FOIA case number of 2016-FS-R3-04232-F. (Doc. 23, p. 2). USFS routed the request to the Forest Service Southwest Regional Office (SRO). Raquel Cantu, a government information specialist, determined that the Prescott National Forest was most likely to have possession of the relevant records and instructed them to search for Mr. Schoeffler's request. *Id.* at p. 3. The Prescott National Forest informed Ms. Cantu that they did not have any radio communication with the USFS AFUE team, and thus had no responsive records. *Id.* The SRO informed Mr. Schoeffler that they had no responsive records on June 16, 2016. *Id.* at pp. 3–4. On August 4, 2016, Mr. Schoeffler appealed this decision, and the appeal was assigned the FOIA case number of 2016-FS-WO-00272-A. *Id.* at p. 4.

The SRO had also rerouted Mr. Schoeffler's initial request to the Washington Office (WO). The WO assigned a separate FOIA case number, 2016-FS-WO-04325-F, although the records requested remained the same as those for which the SRO had searched. *Id.* The WO oversees the San Dimas Technology Development Center (SDTDC), which manages the AFUE study. *Id.* A WO government information specialist contacted the records manager of the SDTDC and instructed the SDTDC to search for records responsive to Mr. Schoeffler's request. *Id.* The SDTDC stated that all records related to the Yarnell Hill Fire were turned over to the State of Arizona, since the State ran the investigation. *Id.* at p. 5. The State of Arizona, in turn, made all of the investigation's records publicly available on a dropbox link. *Id.* SDTDC and AFUE study

personal reviewed the State of Arizona's dropbox link and determined that it did in fact contain all of the AFUE data turned over to the state. *Id.*

On August 30, 2016, the WO informed Mr. Schoeffler that all records responsive to his appeal of 4232-F (272-A) were available at the dropbox link. *Id.* On October 11, 2016, USFS sent a letter that responded fully to 4232-F, 272-A, and 4325-F. *Id.* at p. 6. The letter again told Mr. Schoeffler of the existence of the dropbox link, which the USFS asserts responds to FOIA requests 4232-F and 4325-F. *Id.* The USFS also states that the appeal, 272-A, was determined to be moot. *Id.* The appeal requested the same information as 4325-F, to which the WO had not yet responded.

Mr. Schoeffler argues that, at other times, the USDA and its employees have represented that there are in fact more recordings and transcripts. First, Mr. Schoeffler points to a USFS public affairs employee, Jennifer Jones, who told a journalist that AFUE data was collected and could be obtained through FOIA. (Doc. 30, Ex. 1, p. 3). Second, USFS fire director Mike Dudley stated that USFS wanted to "protect" videos from becoming public. *Id.* Third, USFS employee Ralph Gonzales wrote that some audio and video from the AFUE study was sent to a forensic lab to be cleaned up. *Id.* Mr. Dudley also stated that AFUE radio communications were sent to SDTDC to be analyzed. *Id.* Mr. Schoeffler asserts that responses to his FOIA requests referred to A2G communications, but the actual A2G transmissions were not supplied. *Id.* Finally, a hot shot supervisor, Dean Whitney had a binder with transcripts of A2G communications collected by the AFUE study. *Id.* at p. 4. This binder was apparently personally compiled and portions of the transcripts were later lost. (Doc. 31, Ex. 3). USDA responds that none of these allegations conflict with its assertion that all data from the AFUE study was turned over to the State of Arizona. (Doc. 31, pp. 3–5). The AFUE study did collect some transmissions, which were sent for further investigation. The USDA asserts that the further investigations revealed little and did not produce transcripts, and that all of the recordings were turned over to the State of Arizona and are present in the dropbox. *Id.* Similarly, Mr. Whitney states that the transcripts that had been in his binder were created

and maintained by the state of Arizona, not the USFS. (Doc. 31, Ex. 3). He also declares that the transcripts were taken, and he knows neither by whom, nor where those documents may be, and he knows of no other copies within USFS possession. *Id.* To the extent Mr. Schoeffler argues that he should be allowed to depose some or all of these persons prior to filing additional responses to this motion, such an assertion is insufficiently supported.

The USDA undertook a search reasonably calculated to return all relevant documents. The USDA instructed the agency in charge of the AFUE study, SDTDC, to search for the records requested by Mr. Schoeffler. The SDTDC employee who manages all records from the Yarnell Hill Fire, Ryan Becker, stated that all information was turned over to the State of Arizona. The State of Arizona made all materials publicly available and AFUE study personnel reviewed the materials and ensured that all of the information turned over to the State was in fact on the dropbox. In FOIA cases, "discovery of any type is generally not allowed." *Pinson v. U.S. Dep't of Justice*, 55 F.Supp.3d 80, 82 (D.C. Cir. 2014). The exception to this "is when the plaintiff raises a sufficient question as to the agency's good faith in processing documents." *Landmark Legal Foundation v. E.P.A.*, 959 F.Supp.2d 175, 184 (D.C. Cir. 2013) (citations omitted). Mr. Schoeffler has not raised substantial enough issues to question the good faith of the government's search or assertions. The statements by USDA personnel that Mr. Schoeffler claims prove bad faith are insufficient. Mr. Whitney, for example, says that transcripts were from the State of Arizona. Mr. Dudley states that recordings from transmissions that were sent for further examination were likely retrieved from files on the dropbox. Many of the statements were made at an early phase in the investigation when it was unclear what might be captured by the AFUE study. The Court therefore grants summary judgment as to these requests.

**B.      Request 4284-F**

Mr. Schoeffler sent a new FOIA request on June 7, 2016 to the Coconino National Forest, asking for:

(1) All records related to Fred J. Schoeffler and the 30 June 2013 Yarnell Hill Fire (YH Fire).

(2) Between, to, and/or from any and all Coconino N.F. personnel and private citizens and/or legal entities.

(3) The timeframe for this request is between 30 June 2013 and 7 June 2016.

(Doc. 23, Ex. 2, Attachment C).

Mr. Schoeffler further stated that "COF [Coconino National Forest] Fire Staff Duane Tewa, likely Custodian of these records, stated that numerous individuals have submitted records regarding Schoeffler, and because of Schoeffler, YH Fire 'drama' is being directed toward the COF." *Id*. USFS assigned this FOIA case number 2016-FS-R3-04284-F. On June 9, 2016, Mr. Schoeffler sent an addendum. He expanded on part (2) of the request, to also ask for documents: "(2) Between, to, and/or from any and all COF, and any/all other Federal, State, and/or municipal Wildland Fire personnel and private citizen and/or legal entities, including but not limited to: Amanda Marsh, Holly Neill, Elizabeth Nowicki, and/or Deanna Thompson." (Doc. 23, Ex. 2, Attachment D).

On July 26, 2016, Mr. Schoeffler sent another FOIA request asking for records related to himself. In addition to asking for the information requested in the June 9 addendum, Mr. Schoeffler also requested: "(3) Any and all COF and/or Southwest Regional direction to its employees regarding any and all dialogue and/or conversations and/or encounters with Fred J. Schoeffler." (Doc. 23, Ex. 2, Attachment E). For this request, Mr. Schoeffler used a timeline of "between 30 June 2013 and 26 July 2016." *Id*. USDA asserts that it considered this request to be an additional addendum or clarification of 4284-F, and not a new FOIA request.[1]

Ms. Cantu, on June 13, 2016, instructed the Coconino National Forest (CNF) FOIA liaison to send Mr. Schoeffler's request to all CNF employees. (Doc. 23, p. 7). The

---

[1] The September 23, 2016 response to Mr. Schoeffler states that it is a response to the June 7 and June 9 FOIA requests. It does not mention the July 26 request at all. (Doc. 23, Ex. 2, Attachment F).

CNF employees searched hardcopy personnel records, electronic personnel records, and email archives using the search term "Fred J. Schoeffler." *Id*. at pp. 7–8. The results of this search were sent to Mr. Schoeffler on September 23, 2016. *Id.*at 8. Mr. Schoeffler appealed USDA's response on October 11, 2016, and that appeal was given FOIA case number 2017-FS-WO-00013-A. *Id*. In order to do a more comprehensive search of CNF employees' old email records, Mr. Schoeffler was twice requested to provide the names of specific records custodians.[2] *Id*. at pp. 8–9. USDA states that Mr. Schoeffler never responded, although Mr. Schoeffler claims he did respond over the phone.

Some of Mr. Schoeffler's arguments are unavailing. First, Mr. Schoeffler asserts that his June 9 addendum expanded the request beyond just CNF employees. His updated request asked for records "[b]etween, to, and/or from any and all COF, and any/all other Federal, State, and/or municipal Wildland Fire personnel and private citizen and/or legal entities." This is a broad and vague request. Under FOIA, federal agencies must "make records available only upon a request which 'reasonably describes' the records sought." *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978) (quoting 5 U.S.C. § 552(a)(3)(A). Even though "courts have been wary to prohibit this requirement from becoming a loophole through which federal agencies can deny the public access to legitimate information, it has been held that broad, sweeping requests lacking specificity are not permissible." *Marks*, 578 F.2d at 263; *see also Yagman v. Pompeo*, 868 F.3d 1075, 1081 (9th Cir. 2017) (finding a FOIA request too vague when "Defendants would need to engage in quite a bit of guesswork to execute [Plaintiff's] request" because the request "does not identify specific persons, much less specific documents, types of documents, or types of information"). Although Mr. Schoeffler asserts in his Response that this was intended to request a search of wildland fire employees beyond those at CNF, it was equally reasonable for the USDA to read this as requesting communications between CNF employees and the other listed groups. Under the USDA's interpretation, a

---

[2] USDA asserts that to do a more thorough search of all CNF employees would be time and cost prohibitive. (Doc. 23, p. 9).

- 9 -

search of CNF employees' records would naturally turn up any communications CNF employees had with "other Federal, State, and/or municipal Wildland Fire personnel and private citizen and/or legal entities." Even construed as Mr. Schoeffler seeks, the request is overly vague. It would require too much "guesswork" on the USDA's part to determine which other federal wildland fire personnel[3] should have their records searched. Additionally, Mr. Schoeffler asserts that the USDA erred by using the search term "Fred J. Schoeffler." This is the language that Mr. Schoeffler used in his FOIA request. It was not unreasonable for the USDA to match their search with the request.

There are, however, some questions of fact that remain as to the adequacy of the USDA's search for records on Request 4284-F. First, USDA argues that CNF employees could not do a more thorough records search unless Mr. Schoeffler identified specific custodians. But, Mr. Schoeffler's initial June 7 request and the June 9 addendum both identify Duane Tewa as a custodian of records.[4] Although the USDA's Reply avows that Mr. Tewa has searched his own and his predecessor's documents and neither source contains any information responsive to Mr. Schoeffler's request, USDA had earlier volunteered the use of a program, eComply,[5] that would be used for a more thorough search of Mr. Tewa's records. Even assuming as USDA's affidavit states that Mr. Tewa searched through his emails and files, USDA admits that older emails and files not saved in a particular manner may not turn up through a standard search.[6] USDA requested that

---

[3] USDA cannot search the records of state and municipal firefighters, private citizens, or private legal entities as they are not employees of USDA.

[4] Mr. Schoeffler also identified Amanda Marsh, Holly Neill, Elizabeth Nowicki, and Deanna Thompson as persons who may have been the subject of or received generated records. These individuals, however, are not employees of the USDA and their records cannot be searched by the USDA.

[5] According to the USDA, "[a]n eComply search utilizes the Clearwell electronic discovery platform to perform a key-word search in a given employee or employees' email archive. . . . This is contrasted with the initial search which asked only current employees to conduct an email search." (Doc. 22, p. 10).

[6] "Due to storage limitations, emails from prior years that had not been filed with a particular project may have already been deleted. This [eComply] search would have allowed for a more thorough and comprehensive search of particular employees' inboxes." (Doc. 23, p. 9).

- 10 -

Mr. Schoeffler give more targeted names of custodians to run an eComply search. Since Mr. Tewa had already been identified as a potential custodian in the FOIA request itself, the USDA should have used the eComply method to search Mr. Tewa's and his predecessor's records.[7] Second, questions of fact exist as to whether the USDA properly searched for Mr. Schoeffler's July 26 request. The USDA claims this was resolved with the June 7 and June 9 FOIA requests. Mr. Schoeffler's request pertained to CNF employees *and SRO employees*. There is no evidence in the record that USDA directed the SRO to do any search for information. This request also asks for information up to July 26, 2016. Ms. Cantu emailed CNF employees on June 13, and there is no evidence that any follow up was done after July 26 to ensure that the whole time period requested was searched. There are questions of fact as to whether the USDA conducted an adequate search, and the USDA is therefore not entitled to summary judgment for FOIA request 4284-F.

### C. Request 5736-F

Mr. Schoeffler sent a FOIA request for AFUE transmissions again on July 27, 2016. He requested:

> 1) All voice recordings and written transcripts related to the 30 June 2013 Yarnell Hill Fire (YHR) Aerial Firefighting Use and Effectiveness (AFUE),
>
> 1(a) All voice recordings and written transcripts related to the 30 June 2013 Yarnell Hill Fire (YHF) Panebaker and/or Moore and /or USFS Aerial Firefighting Study, also known as the Aerial Firefighting Study, AIR-TO-GROUND (A2G and/or A/G) RADIO TRANSMISSIONS.
>
> 2) Between, to, and/or from any and all YH Fire air resources and any and all YH Fire Incident Management Team and any and all YH Fire operational and ground personnel.

---

[7] USDA argues that Mr. Tewa was not an employee of USDA at the time of the Yarnell Hill Fire, and thus is unlikely to have relevant information. Mr. Schoeffler, however, requested records related to himself up to July 2016, a time period extending far past the fire itself.

> 2(a) Between, to, and/or from any and all YH Fire air resources and any and all YH Fire Incident Management Team and any and all YH Fire operational and ground personnel; and any and all AFUE members, chairs, project leaders, project coordinators, and module leaders listed below; and any and all others:
>
> Bob Roth, AFUE Committee Chair, FS Fire and Aviation, 406-829-6712
>
> Ryan Becker, Project Leader, San Dimas T&D Center, 909-599-1267 #260
>
> Zach Holder, Program Coordinator, Missoula T&D Center, 406-214-6178
>
> Chris Bolz, R5 Module Leader, San Dimas T&D Center, 909-635-7519
>
> Erik Rodim, R1 Module Leader, Missoula T&D Center, 909-635-7519
>
> Shannon Moore, R4 Module Leader, NIFC, 909-635-9624
>
> Dan Matthews, R3 Module Leader, Prescott, AZ, 909-635-9691.

(Doc. 23, Exhibit 1, Attachment C).

Because this was related to the AFUE study, the request was routed to the SDTDC. The SDTDC gave the same answer as with requests 4232-F and 4325-F: all information was turned over to the State of Arizona and is on the publicly available dropbox site. The USDA provided this information to Mr. Schoeffler in a letter on October 11, 2016. (Doc. 23, pp. 10–11). Mr. Schoeffler did not appeal. *Id.* at p. 11.

FOIA requires a "[e]xhaustion of a parties' administrative remedies . . . before that party can seek judicial review." *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986). Under FOIA, an individual has the right "to appeal to the head of the agency." 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). A party "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable

time limit provisions." *Id*. at § 552(a)(6)(C)(i). Although the USDA responded past the FOIA deadlines, Mr. Schoeffler received a response before he filed this lawsuit. The "constructive exhaustion provision," § 552(a)(6)(C)(i), "lasts only up to the point that an agency actually responds." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). Once the agency responds, even if late, "the requester can seek judicial review only after he has unsuccessfully appealed to the head of the agency as to any denial." *Id*. Once Mr. Schoeffler received the USDA's response to his FOIA request, he was no longer entitled to rely on constructive exhaustion. Because actual exhaustion is required and Mr. Schoeffler did not do so here, the Court grants summary judgment as to request 5736-F.

## CONCLUSION

USDA completed an adequate search for records of the AFUE study. Mr. Schoeffler failed to raise a sufficient dispute of facts to justify additional discovery. With regards to records about Mr. Schoeffler, however, there are questions of fact about whether the USDA completed an adequate search. Mr. Schoeffler identified a specific custodian of records as requested by USDA, enabling USDA to run a more thorough search. USDA did not run this search. USDA also did not search for records from the additional agencies and date ranges requested by Mr. Schoeffler in his addendums and clarifications.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment of Defendant United States Department of Agriculture (Doc. 22) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. concerning Request 4232-F, the Court **grants** Defendant's Motion for Summary Judgment;

2. concerning Request 4325-F, the Court **grants** Defendant's Motion for Summary Judgment;

3. concerning Request 4284-F, the Court **denies** Defendant's Motion for Summary Judgment; and

4. concerning Request 5736-F, the Court **grants** Defendant's Motion for Summary Judgment.

Dated this 7th day of March, 2018.

_____
Honorable G. Murray Snow
United States District Judge